[Civ. No. 55307. Second Dist., Div. Two. Jan. 14, 1980.]

**M. ROBERT RUTHERFORD,**
Plaintiff and Appellant, v.
**STATE PERSONNEL BOARD** et al.,
Defendants and Respondents.

COUNSEL

Loren E. McMaster, James L. Jackson and John D. Mickus for Plaintiff and Appellant.

George Deukmejian, Attorney General, and Thomas Scheerer, Deputy Attorney General, for Defendants and Respondents.

OPINION

FLEMING, J.—M. Robert Rutherford appeals the superior court's denial of a writ of mandate compelling California State University to reemploy him.

For eight years from March 1964 until August 1972 Rutherford, a retired foreign service officer, was employed by California State University, Long Beach, under the rank and title of "Associate Professor," but at all times he actually worked in the administrative position of "Coordinator of International Programs." He received annual reappointments until 1968, when the university informed him that "further formal annual reappointment [would] not [be] required under the university's regulations," i.e. he had acquired tenure. In 1972 Rutherford's job was abolished and his employment terminated pursuant to legislation which prohibited the use of money budgeted for instructional faculty to fund administrative positions. In August 1972 Rutherford filed a grievance with the university. The grievance committee found he had attained academic tenure in 1968 and that the university violated its regulations governing the layoff of tenured employees when it terminated his employment. The university president rejected the committee's findings, and the university chancellor refused to review the rejection. Rutherford then petitioned the superior court for mandate to compel the university to reemploy him. This initial mandate proceeding was terminated in September 1974 by a stipulated judgment which remanded the matter for an administrative grievance hearing on the issue whether Rutherford had been laid off as associate professor in accordance with layoff procedures for academic employees.

In the administrative hearing held in June and July 1975 the hearing officer found the university had substantially departed from required procedures when it hired Rutherford in an academic position to perform administrative duties (a practice known as bootlegging), that Rutherford possessed academic tenure, that the university failed to comply with prescribed procedures for the layoff of a tenured employee when it terminated Rutherford's employment, and that Rutherford's employment rights had been substantially ignored. (Former Cal. Admin. Code, tit. 5, §§ 43201, 43202, 43206.) But the hearing officer also found, in effect, that the university could not comply with prescribed layoff procedures, whose terms were applicable only to teaching personnel. Nevertheless, on the basis of its findings the grievance committee concluded that some means of redress should be found, and it recommended that the university president "offer to Mr. Rutherford any administrative positions which may become vacant and for which he is qualified." In December 1975 the university president informed Rutherford that he intended "insofar as is reasonable" to follow the committee's recommendation, and that he was directing the appropriate administrators to review Rutherford's resume and recommend positions

for which Rutherford should be considered. That same month the university asked Rutherford to submit a resume and application form. Rutherford submitted the requested information, which was ultimately transmitted to the appropriate administrative office. Subsequently, that office referred Rutherford's application for consideration, in competition with numerous other applicants, for several administrative positions, but Rutherford was not selected to fill any of these positions. In January 1978 Rutherford again petitioned the superior court for writ of mandate to compel the university to reemploy him. In May 1978 the superior court denied the writ.

On appeal, the university argues this is not a proper case for mandate because there is no specific act it can be compelled to perform to which Rutherford has a clear and beneficial right. (*Payne* v. *Superior Court* (1976) 17 Cal. 3d 908, 925 [132 Cal.Rptr. 405, 553 P.2d 565].) Rutherford contends he has a right to be offered any vacant administrative position for which he is qualified. We agree. Rutherford's initial mandate proceeding was terminated when the university stipulated to remand the matter for a grievance hearing. The grievance committee found the university had violated Rutherford's tenure rights in terminating his employment. The university president then agreed to accept the recommendation of the grievance committee and to offer Rutherford any administrative position for which he was qualified. But when Rutherford subsequently applied for several positions, he was not offered any of them. University contends that Rutherford was not hired because the positions he applied for were highly desirable positions which were filled by more qualified applicants. Under this interpretation the university settlement agreement became an empty promise, which in the performance offered Rutherford little more than that he was entitled to without it, i.e. the right to compete against others for university employment. While we do not think the university was obliged to employ Rutherford in a top administrative position for which he may not have been qualified, in view of its bootlegging practices carried on at the expense of Rutherford, its wrongful termination of his employment, and its agreement to secure him a new position, we think the university became obligated to offer Rutherford any administrative job for which he was qualified, regardless of the superior credentials of other applicants. (*Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861 [44 Cal.Rptr. 767, 402 P.2d 839].)

The judgment is reversed, and the superior court is directed to issue a peremptory writ of mandate directing respondents to offer Rutherford

forthwith "any administrative positions which may become vacant and for which he is qualified."

Roth, P. J., and Compton, J., concurred.